HABANNAH BEDONIE and NELLIE M. PRICE

Plaintiffs-Appellants


vs.


JOHNNY DONALDSON

Defendant-Appellee


Decided on January 26, 1973


John Giovando and Zhunie Yellowhair, D.N.A., Window Rock, Arizona, for Plaintiffs-Appellants

Raleigh W. Johnson, Axline & Johnson, Holbrook, Arizona, for Defendant-Appellee

Before KIRK, Chief Justice, WILSON and YELLOWHAIR, Associate Justices


KIRK, Chief Justice


This is an appeal from a final order of the Trial Court in and for the Judicial District of Window Rock, Arizona, dismissing plaintiffs' tort action against the defendant for lack of jurisdiction.


The parties will be referred to as plaintiffs and defendant as they appeared in the lower court.


The facts of the case are simple. Plaintiffs are Navajo Indians

residing on the Navajo Reservation at Fort Defiance, Arizona. The defendant is non-Indian, residing on the Navajo Reservation at Fort Defiance, Arizona. The action is a civil suit for damages against the defendant non-Indian for an alleged tort committed upon the property of the plaintiffs by the non-Indian defendant.

The only question to be determined is did the Trial Court err in dismissing the cause of action of the plaintiffs against the defendant for lack of jurisdiction. For this reason and in accordance with Rule 3, Rules of the Court of Appeals, an appeal was granted on the question of law.

The plaintiffs, by and through their attorneys and advocates, assure us that the Trial Court of the Navajo Nation had jurisdiction over the non-Indian defendant in this action. We are of the opinion, however, that in their enthusiasm they have failed to recognize the distinction between the political sovereignty of the Navajo Nation and the authority and the power of the Courts of the Navajo Nation. There is a difference and it is one that this Court is bound in law to take notice. As counsel for the defendant pointed out, this difference derives from the principle of separation of powers in governmental functions, a principle to which the Government of the Navajo Nation adheres. The principle operates to confine the authority of each of the branches of government to the authority granted to it by the instrument or instruments creating it.

The inherent sovereignty of the Navajo Nation is too well

recognized for argument to the contrary, but this is not to say the Navajo Nation has vested all of its judicial authority in the Courts of the Navajo Nation without limitation.

We find that a tribunal for the transaction of judicial business including the Courts of the Navajo Nation can be created only by the supreme power of the government it represents; in our case, the Navajo people acting through their duly elected delegates in the Navajo Tribal Council.

In examining the nature of jurisdiction of courts in general, including our own, we find that jurisdiction does not relate to the rights or convenience of the parties to a judicial action but solely to the authority of the Courts. We also find that the authority of any court, including our own, is derived from the government which created it and such authority to act is limited by the instruments creating it.

The Courts of the Navajo Nation were created by the Navajo Tribal Council Resolution CO-69-58, as amended, now codified as Title 7, Navajo Tribal Code. The extent to which the Court may exercise its authority over the subject matter and the person of the defendant is specifically set forth by the Navajo Tribal Council in 7 N.T.C. § 133. The territorial authority of the courts is set forth by the Navajo Tribal Council, 7 N.T.C. § 134.

The provision of the Navajo Tribal Council of immediate concern is as follows:

"The Trial Court of the Navajo Tribe shall have original jurisdiction over all civil actions in which the defendant is an Indian and is found within its territorial jurisdiction. 7 N.T.C. § 133(b)."

In effect, this Court has been requested by the plaintiffs to rewrite its own authority by judicial decision to include authority over non-Indian residents of the Navajo Reservation. If this were permitted, it would be a bold venture into total confusion and it would be a case of the Creature, the Court, dictating to its Creator, the Navajo Tribal Council, the terms of its authority.

It has been erroneously assumed that the Court extended its own authority to include authority over non-Indian defendants in the recent case of the Navajo Tribe of Indian v. Orlando Hilcopter Airways, Inc., decided by this Court January 12, 1972. It was the Navajo Tribal Council that extended the court's jurisdiction in the Forcible Entry and Detainer cases by the adoption of Tribal Council Resolution CN-100-69, codified as 16 N.T.C. § 751, et seq. The Court acquired jurisdiction by virtue of 7 N.T.C. § 133(e): "All other matters hereafter placed within the jurisdiction of the Trial Court by resolution of the Tribal Council."

We can find no comfort in the doctrine of implied consent to the Jurisdiction of the Court in the face of a specific statute of the Navajo Tribal Council limiting the court's jurisdiction to Indian defendants. Nor do we find merit in the contention that by dismissing this action for lack of jurisdiction the Indian plaintiffs are being denied the equal protection of the law when they have access to the court

-76-

having the jurisdiction over the defendants.

This Court is not only dedicated to preserving the intergrity of the Indian Court system but the integerity of the government of the Navajo Nation as well.

We conclude, therefore, that the Trial Court was correct in dismissing the case for lack of authority and power to hear and determine it.

We adopt the judgment of the Trial Court.

WILSON, Associate Justice, and YELLOWHAIR, Associate Justice, concur.